IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEHIR YARDIMCI,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERTO R. GONZALES, Attorney General; MICHAEL CHERTOFF, Secretary of Department of Homeland Security; ALFONSO AGUILAR, Chief of Office of Citizenship, and ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation,<br><br>    Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO REMAND<br><br><br><br><br>Case No. 2:07cv00057 |

In February 2004, petitioner Nehir Yardimci filed an application for naturalization with the United States Citizenship and Immigration Services (USCIS). USCIS personnel conducted an initial interview with him in August 2004 and submitted Mr. Yardimci's application to the FBI for a name check. Mr. Yardimci's name check is still pending within the FBI system and, as of yet, USCIS has issued no decision with regard to his application. Naturalization determinations necessarily implicate concerns for national security and public safety. In light of this, the court finds USCIS is best-suited to make a decision on Mr. Yardimci's application. The court, therefore, remands this determination to USCIS.

## BACKGROUND

Petitioner Nehir Yardimci, a native and citizen of Turkey, filed an application for naturalization with USCIS on February 17, 2004.  USCIS personnel interviewed Mr. Yardimci in Salt Lake City on August 4, 2004.  USCIS also conducted various security and background checks on Mr. Yardimci to assess his eligibility for citizenship and to assess the risk he posed to national security and public safety.  Specifically, USCIS conducted (1) a check of Department of Homeland Security records, (2) an FBI criminal history check based on fingerprints, and (3) a check against IBIS, a fingerprint system.  USCIS also requested that the FBI check Mr. Yardimci's name against various FBI investigative databases that expose information not necessarily revealed by IBIS or the FBI's fingerprint check.

The FBI has not yet issued the results of Mr. Yardimci's background checks to the defendants, although USCIS in Salt Lake City checks the status of his background checks on a weekly basis.  Apparently, USCIS is unable to grant Mr. Yardimci's application for naturalization until these background checks are completed.  Without such information, USCIS is unable to assess Mr. Yardimci's eligibility or to determine if granting his application would implicate national security or public safety concerns.  Therefore, although more than 120 days have passed since Mr. Yardimci's initial interview, USCIS has issued no decision on his application.

Because USCIS failed to issue a decision within this 120-day time frame, Mr. Yardimci petitioned this court for a determination of his naturalization application.  In the alternative to a judicial determination of his naturalization, Mr. Yardimci asks the court to remand the determination to USCIS dictating a specific deadline for the decision to be made.  On April 5,

2007, the defendants moved the court remand the matter to USCIS or to stay this case pending completion of Mr. Yardimci's background checks.

## DISCUSSION

Naturalization determinations are sensitive decisions that may directly implicate the safety of the public and of the nation as a whole. Despite USCIS's delay, therefore, the court deems it wise to remand to USCIS the determination of Mr. Yardimci's application.

Before approving a naturalization application, USCIS completes a comprehensive security and background check. This check is meant to ensure the applicant alien is eligible for naturalization and poses no risk to national security.[1] USCIS notifies applicants of their initial examinations after the USCIS receives a favorable response on each component inquiry of the background check performed.[2] USCIS must render a decision on the application within 120 days of the initial examination.[3] If USCIS fails to adjudicate an application within 120 days of the examination, the applicant can request that a district court hear the issue.[4] In such a circumstance, the district court has jurisdiction to either remand or to determine the matter.[5]

As a general rule, courts should remand cases to agencies to decide matters that statutes place before the agencies.[6] With regard to naturalization specifically, USCIS "should be given

---

[1] *See* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1; Appropriations Act, 111 Stat. 2440, 2448–49 (1997).

[2] *See* 8 C.F.R. § 335.2(b).

[3] *See id.* § 335.3(a).

[4] 8 U.S.C. § 1447(b).

[5] *Id.*

[6] *INS v. Ventura*, 537 U.S. 12, 16, (2002).

the opportunity to decide applications for naturalization in the first instance" because it "ha[s] a great deal more expertise than the Court in both (i) identifying the potentially problematic information that has been uncovered in a background check, and (ii) following up to determine whether this information truly reflects legitimate national security or public safety concerns, or instead is merely a 'false positive.'"[7]  This preference for remand, therefore, "has obvious importance in the immigration context."[8]  In sum, the court questions the propriety of retaining jurisdiction in light of the sensitive determinations naturalization applications require.  The decision regarding Mr. Yardimci's naturalization in the first instance, therefore, is best left to the experience and expertise of USCIS.

   This approach is even more justified because remanding the case is consistent with the relief Mr. Yardimci himself requested.  However, Mr. Yardimci also requested the court to instruct USCIS that it must issue a decision within a limited time frame.  The court understands this request to reflect Mr. Yardimci's concern about interminable delays, especially since, in possible violation of agency regulations, USCIS has already failed to adjudicate Mr. Yardimci's naturalization application within 120 days of his initial examination.  Consequently, in order to allow Mr. Yardimci to seek further relief in the event of an unreasonable delay, the court dismisses Mr. Yardimci's petition without prejudice to its refiling if USCIS has not issued a decision with regard to his naturalization within the shorter of 120 days of the date of this order or 45 days after receipt of the name check results.

---

[7] *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842, 844 (E.D. Mich. 2006).

[8] *Ventura*, 537 U.S. at 16–17.

## CONCLUSION

The court GRANTS the defendants' motion to remand the proceedings to USCIS [#9]. However, the resulting dismissal of Mr. Yardimci's petition is without prejudice to the filing of another petition if USCIS has not issued a decision with regard to Mr. Yardimci's naturalization application within 120 days of the date of this order or 45 days after receipt of the name check results.  The clerk's office is directed to close the case.

DATED this 17th day of April, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge